IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY KEVIN SUTTON,
    Plaintiff,

vs.                                               Case No. 3:05cv395/RV/MD

ARNP M. NICHOLS,
    Defendant.

## **REPORT AND RECOMMENDATION**

This cause is before the court upon plaintiff's filing a motion for temporary restraining order and/or preliminary injunction (doc. 23) and the defendant's response thereto. (Doc. 27).

Plaintiff, an inmate at the Santa Rosa Correctional Institution filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging Eighth Amendment violations stemming from the treatment, or lack thereof, that he has received for a knee injury/pain. In his motion for injunctive relief, he asks that the court order that he be scheduled for an MRI, that he be given a treatment plan for his knee and the defendant be required to follow the treatment plan.  Plaintiff filed the instant motion for injunctive relief before the special report was filed, but the court now has the benefit of both the defendant's response to the motion for injunctive relief and the special report with supporting affidavits and medical records. (Doc. 25 & 27).

The granting or denial of a temporary restraining order or preliminary injunction rests in the discretion of the district court. *Johnson v. Radford*, 449 F.2d 115 (5th Cir. 1971).  The district court, however, must exercise its discretion in the light of whether:

    1.    There is a substantial likelihood that plaintiff will prevail on the merits;

2. There exists a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted;

3. The threatened injury to plaintiff outweighs the threatened harm injunction will do to the defendant; and

4. The granting of the preliminary injunction will not disturb the public interest.

*Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000); *Tefel v. Reno,* 180 F.3d 1286, 1295 (11th Cir. 1999); *Johnson v. United States Department of Agriculture*, 734 F.2d 774 (11th Cir. 1984); *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974). Furthermore, "[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to all four elements." *Siegel, supra; All Care Nursing Service v. Bethesda Memorial Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

Upon review of the special report and attachments thereto, and the defendant's response to the motion for injunctive relief, the court concludes that plaintiff has failed to demonstrate that there exists a substantial threat of irreparable injury if the request for injunctive relief is not granted. The record reflects that plaintiff's complaints of knee pain have been sporadic and at times possibly exaggerated and that there is no objective medical evidence in the record which would suggest a need for the relief sought in the motion for injunctive relief. It also appears that plaintiff has received treatment for his alleged knee pain, but that he disagrees with the level of treatment that has been provided. Therefore, because plaintiff has failed to meet the prerequisites for injunctive relief, his request should be denied.

Accordingly, it is respectfully RECOMMENDED that plaintiff's motion for injunctive relief (doc. 23) be **DENIED**.

At Pensacola, Florida, this 14th day of July, 2006.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 3:05cv395/RV/MD*

## **NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).